UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80399-CIV-MARRA

ARBITRAGE INTERNATIONAL
MARKETING, INC., a Florida corporation,
d/b/a LIFE INSURANCE CONCEPTS, INC.,

     Plaintiff,

vs.

STEPHEN C. DEMARIA,

     Defendant.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction and Failure to State a Claim.  (DE 8).  The Motion is fully briefed and ripe

for review.  The Court has carefully considered the motion and is otherwise fully advised in the

premises.

## Background

This is a breach-of-contract action brought under 28 U.S.C. § 1332 based on diversity of

citizenship.  The facts are taken largely from Plaintiff's Complaint and the documents attached

thereto, which the Court assumes true for the purposes of this Order.

Plaintiff Arbitrage International Marketing, Inc. d/b/a Life Insurance Concepts, Inc.

("LIC") is a Florida corporation that deals in life-insurance consulting.  Compl. ¶ 3.  Defendant

1

Stephen C. DeMaria is a New York resident who, during the relevant time period, was a life-insurance sales agent.  Compl. ¶¶ 4-5.

This dispute arises from the sale of a life-insurance policy for Gene Harten (the "Harten Policy"), a New York resident.  Defendant DeMaria was the sales agent who wrote the Harten Policy.  Compl. ¶ 5.  To finance the policy, DeMaria reached an agreement with Cambridge Financing Company ("CFC"), whereby CFC would loan $342,650.00 to the Gene Harten 2007 Irrevocable Trust ("Harten Trust") to fund the Harten Policy.  Compl. ¶ 5; Compl. Ex. A.  CFC also agreed to advance $184,400.00 to the Harten Trust to fund the premium on the Harten Policy.   Compl. ¶ 5; Compl. Ex. A.

On April 29, 2008, DeMaria entered into a separate commission-sharing agreement (the "Agreement") with Plaintiff LIC, an affiliate of CFC, in consideration for the loans that funded the Harten Policy.  Compl. ¶ 5; Compl. Ex. A.  In consideration for the $342,650.00 loan, DeMaria agreed to share 40% of the total commissions for the sale of the Harten Policy with Simon Bernstein, a principle of LIC.  Compl. ¶ 5; Compl. Ex. A.  In consideration for the $184,400.00 advance, DeMaria agreed to share 99% of the first-year commission on the Harten Policy with Bernstein.  Compl. ¶ 5; Compl. Ex. A.  After the first year, DeMaria and Bernstein would return to their 60/40 split for the commissions on any renewals of the Harten Policy. Compl. Ex. A.

The first-year commission on the sale of the Harten Policy totaled $210,900.00.  Compl. ¶ 6.  Plaintiff alleges that DeMaria failed to instruct the insurance carrier to change the first-year commission to reflect Bernstein's 99% share under the Agreement.  Compl. ¶ 7.  Consequently,

the carrier distributed 40% of the first-year commission to Bernstein and 60% to DeMaria. Compl. ¶ 8.

Plaintiff LIC requested that Defendant forward to LIC $124,027.44, representing 59% of the total first-year commission, which LIC argues it was due under the terms of the Agreement. Compl. ¶ 9.  Defendant refused to remit any portion of his 60% commission.  Compl. ¶ 10. Plaintiff then initiated this lawsuit for breach of contract, demanding compensatory damages in the amount of $124,027.44.

Defendant moves to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, insufficient service under Rule 12(b)(5), failure to state a claim under Rule 12(b)(6), and *forum non conveniens*.  (DE 9).  Alternatively, Defendant moves to transfer this case to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1404(a).  (DE 9).

As a threshold matter, the Court must first determine whether personal jurisdiction exists.

**<u>Standard of Review</u>**

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of pleading enough facts to make out a *prima facie* case for personal jurisdiction.  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *Polski Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).  The burden then shifts to the defendant to challenge the plaintiff's allegations by affidavits, documentary evidence, or testimony.  *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  If the defendant does so, the burden shifts back to the plaintiff to prove personal jurisdiction by affidavits, documentary evidence, or testimony.  *Id.*

3

An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory.  *See, e.g.*, *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1504 (11th Cir. 1984).  Because the parties did not request an evidentiary hearing, the Court exercises its discretion not to conduct one.

**Discussion**

Courts must conduct a two-prong inquiry to determine whether a non-resident defendant is subject to jurisdiction in Florida.  First, the court must "determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute."  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005).  Second, the court must "examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### *Florida's Long-Arm Statute*

Florida's long-arm statute provides, in relevant part:

(1) An person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause or action arising from the doing of any of the following acts: . . .

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193(1)(g).  "Because the construction and application of the Florida Long-Arm statute is a question of Florida law, [federal courts] are required to construe the Long-Arm provisions as would the Florida Supreme Court."  *Horizon Aggressive Growth*, 421 F.3d at 1166-67.

Defendant argues that his alleged conduct—failing to assign Plaintiff 99% of the first-year commission from the Harten Policy and failing to pay to Plaintiff the 59% commission errantly paid to Defendant, both in violation of the Agreement—did not take place in Florida, nor did he fail to perform any act required to take place in Florida.  Accordingly, Defendant argues, his alleged conduct does not fall under any of the acts enumerated in Florida's long-arm statute.  The Court disagrees.

Where, as here, the contract does not specify a place for payment, the presumptive place for payment is where the payee resides.  *See Vacation Ventures, Inc. v. Holiday Promotions, Inc.*, 687 So. 2d 286, 289 (Fla. 5th DCA 1997) (noting the "legal presumption that a debt is to be paid at the creditor's place of business in the absence of an express designation of the place of payment"); *O'Brien Glass Co. v. Miami Wall Sys. Inc.*, 645 So.2d 142, 144 (Fla. 3d DCA 1994) ("Since it is not clear from the record whether the parties reached agreement as to where O'Brien was to make payment, the law requires us to presume that payment is to be made where the payee resides.").  Thus, Defendant's alleged failure to pay Plaintiff, a Florida corporation, constitutes an "act[] required by the contract to be performed in this state."  Fla. Stat. § 48.193(1)(g).  Accordingly, Defendant's alleged breach by failure to pay falls under subsection 48.193(1)(g) of the Florida long-arm statute.  *See, e.g.*, *Vacation Ventures*, 687 So. 2d at 289 ("[I]t is well settled that the legal presumption that a debt is to be paid at the creditor's place of business in the

absence of an express designation of the place of payment is sufficient to satisfy the language in

48.193(1)(g) that refers to contractual acts 'required' to be performed in Florida."); *Pellerito*

*Foods, Inc. v. Am. Conveyors Corp.*, 542 So. 2d 426, 428 (Fla. 3d DCA 1989) ("[Plaintiff]

alleged that payment was due in Dade County, Florida, and that [Defendant] had breached the

contract by failing to pay.  Its complaint therefore met the pleading requirements of section

48.193."); *see also Swisher Int'l, Inc. v. ISA Chicago Wholesale, Inc.*, No. 08-1179, 2009 WL

1405177, at *5 (M.D. Fla. May 19, 2009) ("[Defendant] is subject to the state's jurisdiction

under Florida's long-arm statute for allegedly breaching a contract in Florida by failing to pay, an

act required to be performed in Florida.").

### Due Process

The Court must next determine whether Defendant has sufficient minimum contacts with

the forum state such that the Court's exercise of jurisdiction does not violate the Due Process

Clause.  *Internet Solutions*, 557 F.3d at 1295-96.  Here, Plaintiff's only allegation of Defendant's

contact with Florida is his failure to make payment in Florida.  While the breach of a contract in

Florida is sufficient to satisfy the long-arm statute, "the mere failure to pay money due [under a

contract] in Florida is not enough to satisfy constitutional minimum contacts analysis."  *Stewart*

*v. Julana Dev. Corp.*, 678 So. 2d 1385, 1388 n.4 (Fla. 3d DCA 1996); *Venetian Salami Co. v.*

*Parthenais*, 554 So. 2d 499, 503 (Fla. 1989) ("[W]e do not believe that the mere failure to pay

money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident

defendant."); *deMco Techs., Inc. v. C.S. Engineered Castings, Inc.*, 769 So. 2d 1128, 1130 (Fla.

3d DCA 2000) ("Florida courts have repeatedly found the nonpayment of a debt, whether

pursuant to the terms of a promissory note or for the purchase of goods, without more, to be

insufficient to sustain personal jurisdiction over a non-resident defendant."). Accordingly, Defendant's alleged failure to pay money owed under the Agreement, by itself, is an insufficient contact with Florida to confer personal jurisdiction over him for this lawsuit.

Plaintiff argues that Defendant has an additional contact with Florida, namely that "he has solicited business within the State of Florida when he acted as the agent who negotiated and procured a life insurance policy at about the same time [as the Harten Policy] to an individual who was a resident of Florida." Pl's Resp. at 4. Plaintiff's argument—which is not supported by the allegations in the Complaint, affidavits, or documentary evidence—is unavailing, as Defendant's alleged procurement of a separate life-insurance policy is insufficient to confer either specific or general personal jurisdiction for this action. First, this separate policy bears no relation to Plaintiff's breach-of-contract claim here, and therefore cannot confer specific personal jurisdiction for this lawsuit. *See* Fla. Stat. § 48.193(1) (conferring specific jurisdiction "for any cause of action *arising from*" certain enumerated acts) (emphasis added); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006) ("[S]pecific jurisdiction is founded on a party's activities in the forum that are related to the cause of action alleged in the complaint."). Second, Defendant's alleged procurement of this separate policy is a single, isolated activity, and therefore cannot confer general personal jurisdiction over Defendant. *See* Fla. Stat. § 48.193(2) (conferring general jurisdiction over a "defendant who is engaged in substantial and *not isolated activity* within this state") (emphasis added); *Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So. 2d 1149, 1153 (Fla. 5th DCA 1994) ("Section 48.193(2) requires continued and systematic activity on the part of the defendant within the state of Florida, such as continued solicitation and procurement of business. Sporadic activities or visits will not

7

constitute 'substantial and not isolated activity' under section 48.193(2).") (internal quotation marks and citation omitted).

**Conclusion**

_____Plaintiff has failed to meet its "initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction."[1] *United Tech. Corp.*, 556 F.3d at 1274. Consequently, for the reasons set forth above, the Court finds that it lacks personal jurisdiction over Defendant. Plaintiff's Complaint must be dismissed.[2]

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1.   Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (DE 8) is **GRANTED**.

2.   This case is **DISMISSED WITHOUT PREJUDICE**.

3.   This case is **CLOSED**. Any pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of October, 2010.

KENNETH A. MARRA
United States District Judge

_____

[1] Because the Complaint and the documents attached thereto, accepted as true, still fail to make out a *prima facie* case for personal jurisdiction, the Court does not address Defendant's conflicting affidavits.

[2] Because the Court finds that it lacks personal jurisdiction over Defendant, the Court does not address Defendant's additional arguments regarding service of process, failure to state a claim, change of venue, and *forum non conveniens*.

Copies to:

Counsel of record